UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In Re: | ) | Case No. _____ |
| | ) | |
| SANITARY AND IMPROVEMENT | ) | CHAPTER 9 |
| DISTRICT #476 OF DOUGLAS | ) | PLAN OF ADJUSTMENT |
| COUNTY, NEBRASKA, | ) | |
| | ) | |
| Debtor. | ) | |

This Plan of Adjustment (this "Plan") is proposed and made by Sanitary and
Improvement District #476 of Douglas County, Nebraska (the "District").  The provisions of this
Plan have been promulgated to meet the confirmation standards under Chapter 9 of the United
States Bankruptcy Code (the "Code").  **This Plan should be carefully reviewed in conjunction
with the Disclosure Statement** which will be filed concurrently herewith, as may be modified
by filing with the United States Bankruptcy Court for the District of Nebraska (the "Court").

## I. DEFINITIONS

All capitalized terms shall have the meaning given to them herein, unless context clearly
requires otherwise.  Capitalized terms defined in the Code and not otherwise defined herein shall
have the meaning ascribed to them in the Code.

**Administrative and Priority Claims** shall mean and include the allowed (i) actual and
reasonable costs and expenses incurred for services in connection with this case, including the
fees of the District's attorneys, accountants, bond counsel, fiscal agent, municipal advisor and
other professionals; (ii) all of the District's cost in preserving the assets of District's bankruptcy
estate; (iii) the fees of the Paying Agent incurred for any services provided prior to the Effective
Date; and (iv) any and all other claims granted priority status under Section 507(a) of the Code.

**Board** shall mean the Board of Trustees of the District, as duly elected or appointed under Nebraska law.

**Bonds** or **Post-Petition Bonds** shall mean all bonds issued by the District following the Effective Date and prior to the Termination Date, other than bonds issued to refinance or refund Pre-Petition Bonds.

**Certificates** shall mean the Certificates of Indebtedness issued to Pre-Petition Construction Fund Warrant Holders in exchange for a tendered Pre-Petition Construction Fund Warrant. This term shall include and refer to any alternate name of such Certificates of Indebtedness indicating a right to payment distinct from the Post-Petition Bonds, Post-Petition Construction Warrants and General Fund Warrants. The interest of any creditor may be represented by one or more Certificates.

**Claims** shall mean (i) a claim which has been listed by the District on its schedules and (ii) any other claim as the term is defined in Section 101(5) of the Code.

**Confirmation Order** shall mean the order signed and entered by the Court confirming this Plan.

**Construction Fund** shall mean bond fund/bond sinking fund/construction fund of the District maintained by the County Treasurer of Douglas County, Nebraska, as the ex officio Treasurer of the District, the monies in which are held for the purpose of the payment of the principal and interest on the Pre-Petition Bonds, the Post-Petition Bonds, the Post-Petition Construction Fund Warrants and the Certificates of the District. The Construction Fund shall include certain allocated tax revenue, special assessments, reimbursements, other payments and Bond proceeds.

**Construction Fund Warrants or Post-Petition Construction Fund Warrants** shall mean those warrants issued by the District payable from the Construction Fund of the District issued in accordance with Neb. Rev. Stat. §31-755 for capital outlay expenditures and interest issued after the Effective Date if the provisions of Article VII, Section C have been complied with.

**Creditor** shall mean the owner or Holder of any claim.

**Disclosure Statement** shall mean the document filed in this case by the District pursuant to Section 1125 of the Code, as may be amended, modified or supplemented by the District and approved by this Court.

**Effective Date** shall mean the date which shall be ninety (90) days following the Confirmation Order or other date approved by the Court.

**Exchange Deadline** shall mean 15 days after the Effective Date.

**Filing Date** shall mean the date upon which the Petition seeking voluntary relief pursuant to provisions of Chapter 9 of the Code was filed by the District.

**Final Order** shall mean an order of judgment of a court which (i) shall not be reversed, stayed, modified or amended and the time for which to appeal or seek review or rehearing shall have expired or (ii) if appealed, the operative effects of such appealed order or judgment shall not have been stayed or superseded so that the appealed order or judgment is legally enforceable.

**General Fund** shall mean the funds of the District maintained by the County Treasurer of Douglas County, Nebraska, as the ex officio Treasurer of the District, and accumulated and held for the purpose of making payment upon General Fund Warrants. The General Fund shall include certain allocated tax income of the District.

**General Fund Warrants** shall mean those warrants issued by the District, payable from the General Fund of the District issued or sold to Holders of the same as investments or held in exchange for services rendered by the Holder of the warrant or the immediate or remote transferor of the warrant which are registered and outstanding as of the Filing Date or which have been issued for Post-Petition expenses of the District.

**Holder** shall mean the person legally entitled to receive payment of principal or interest on a particular General Fund Warrant, Construction Fund Warrant, Pre-Petition Construction Fund Warrant, Pre-Petition Bond, Post-Petition Construction Fund Warrant, Post-Petition Bond or Certificate.

**Interest Accrual Date** shall mean the first day of the month which immediately follows the month in which the Confirmation Order is signed and entered.

**Paying Agent** shall mean Bankers Trust Company in Des Moines, Iowa or a replacement thereof selected by the District.

**Pre-Petition Bonds** shall mean the existing bonds issued by the District on or before the Filing Date, together with any Bonds issued by the District to refund, replace or refinance any such bonds.

**Pre-Petition Construction Fund Warrants** shall mean those warrants issued by the District payable from the Construction Fund of the District issued in accordance with Neb. Rev. Stat. §31-755, for capital outlay expenditures and interest issued and registered prior to the Filing Date, which are still registered and outstanding as of the Filing Date, other than the General Fund Warrants.

**Pro Rata Share** shall mean for any warrant or Certificate the fractional interest of a warrant or Certificate Holder, the numerator of which shall be the amount owed on such warrant

4

or Certificate and the denominator of which shall be the sum of all amounts owed on all Pre-Petition Construction Fund Warrants or all Certificates, as the case may be.

**Termination Date** shall mean the earlier of 1) the date upon which the District has made payment in full on all Certificates or 2) the date fifteen (15) years from the Effective Date, whichever occurs first. This Plan shall only govern the District's obligations during the period between the date of the Confirmation Order and the Termination Date.

## II. CLASSES AND TREATMENT OF CREDITORS

1.    <u>Administrative and Priority Claim Holders</u>. The creditors holding Administrative and Priority Claims shall be paid in full. The Administrative and Priority Claims currently consist of expenses for services rendered by and for reimbursement of out-of-pocket expenses of the District's legal counsel, Pansing Hogan Ernst & Bachman LLP of Omaha, Nebraska. This firm shall be paid based upon rates for partners, associates, paralegals, legal assistants and administrators, at standard rates and schedules for such particular services.

2.    <u>Pre-Petition Bond Holders.</u> The Holders of Pre-Petition Bonds of the District shall be paid principal and accrued interest in full. The Holders of Pre-Petition Bonds shall be paid in accordance with the terms of the Pre-Petition Bonds as issued, with payments of interest and principal being made at regular intervals as legally required thereunder. Due to the statutory and constitutional preferences for the Pre-Petition Bonds under the laws of the State of Nebraska, the payment to the Holders of the Pre-Petition Bonds shall not in any way be affected by this Plan. The Holders of the Pre-Petition Bonds shall be paid in full. The Holders of the Pre-Petition Bonds are not impaired, as the terms used in the Code.

3.    <u>General Fund Warrant Holders</u>. The Holders of General Fund Warrants shall be paid principal and accrued interest in full as set forth in the Plan. Payment of General Fund

Warrants is necessary for the continuation of basic necessities of the District, including basic utilities and reasonable property maintenance expenditures. Not later than the date sixty (60) days following the Effective Date, the Holders of General Fund Warrants shall be paid in full for all principal and unpaid interest due and owing under the terms of the General Fund Warrants. The Holders of General Fund Warrants shall be paid in full and are not impaired, as the term is used in the Code.

        4.     <u>Pre-Petition Construction Fund Warrant Holders</u>. The claims of the Holders of Pre-Petition Construction Fund Warrants are impaired, as the term is used in the Code. In full and complete satisfaction of the Claims of the Pre-Petition Construction Fund Warrant Holders, the Pre-Petition Construction Fund Warrants shall be paid in accordance with this Plan.

## III. REPAYMENT OF PRE-PETITION CONSTRUCTION FUND WARRANTS

A.  <u>Payment and Exchange</u>. Pre-Petition Construction Fund Warrants shall be paid as follows:

1.  <u>Initial Cash Disbursement</u>. Not later than the date sixty (60) days following the Effective Date, all funds held in the Construction Fund shall be allocated as set forth in Article V. All funds not otherwise allocated shall be paid to the Certificate Holders based upon the Pro Rata Share of each. This shall include any special assessments in favor of the District, whether paid through voluntary payment or through the proceeds of any foreclosure initiated by the Board of Trustees of the District.

2.  <u>Post-Petition Bonds</u>. As soon as possible, but not later than six (6) months after the Effective Date, based upon then present or projected market conditions and feasibilities, the District will propose to issue approximately Five Million and no/100 Dollars ($5,000,000) in new Post-Petition Bonds. The net proceeds (after deducting

costs of sale, issuance and reserves) of the Post-Petition Bond issue will be paid and distributed to the Certificate Holders. Post-Petition Bonds shall be issued in accordance with Neb. Rev. Stat. §31-755, shall be pari passu with all Pre-Petition Bonds, shall be general obligations of the District and there shall be levied annually a tax, upon the taxable value of all the taxable property in the District which, together with any sinking fund derived from special assessments, shall be sufficient to meet payments of interest and principal on the Pre-Petition Bonds and the Post-Petition Bonds as such become due.

3. <u>Certificate Issuance</u>. Not later than the date sixty (60) days following the Effective Date, all Pre-Petition Construction Fund Warrant Holders who have tendered and delivered their Pre-Petition Construction Fund Warrant for exchange, at or prior to the Exchange Date shall be issued Certificates by the Paying Agent.

All Pre-Petition Construction Fund Warrants shall be granted equal priority with each other. No preference shall be given to the Pre-Petition Construction Fund Warrants based upon date of issuance or date of registration. For the purpose of determining interest accrual of the Pre-Petition Construction Fund Warrants, interest on Pre-Petition Construction Fund Warrants shall be deemed to continue to run at the rate stated thereon from the Petition Date to the day prior to the Interest Accrual Date.

B. <u>Modification of Terms of Pre-Petition Construction Fund Warrants</u>. The balance due on the Pre-Petition Construction Fund Warrants and the manner of computing interest on such Pre-Petition Construction Fund Warrants shall change by operation of this Plan as stated in herein. The Plan modifies the manner and timeline for repayment of the Pre-Petition Construction Fund Warrants in the following ways:

1. No priority shall be granted among the Pre-Petition Construction Fund Warrants based upon the date of issuance or the warrant number thereof or the date of registration thereof, including preference for the order or manner in which Warrants are redeemed.

2. The time for payment of interest and principal on the Pre-Petition Construction Fund Warrants shall be paid as follows:

    a. Payments of principal and interest will not be made as required by the original terms of the Pre-Petition Construction Fund Warrants.

    b. Pre-Petition Construction Fund Warrants shall accrue interest at the interest rate stated thereon to the last day of the month in which the Confirmation Order is signed and entered on which date such warrants shall cease to independently accrue interest.

    c. The Certificates will be issued dated as of the Interest Accrual Date and will accrue interest from and after such date at the rate specified in subsection g, below.

    d. Pre-Petition Construction Fund Warrants, whether or not exchanged for Certificates, shall be terminated and shall provide no right to payment as of the Effective Date.

    e. Certificates shall be deemed to not be in default, so long as the District is not in default of its obligations under this Plan.

    f. Certificates shall be paid from the proceeds of general taxes, special assessments, or the issuance of Post-Petition Bonds with the District obligated to use reasonable and diligent efforts to satisfy such Certificates.

g. Certificates shall accrue interest on the unpaid balance of principal and interest from time to time at the simple interest rate of four percent (4%) per annum, until fully paid. The District's Paying Agent shall maintain appropriate files in which interest accruals, and payments of principal and/or interest are recorded.

**3. Regardless of whether or not there is an outstanding balance due on any or all Certificates as of the Termination Date, and provided the District has satisfied its obligations under Article VI of the Plan, all obligations of the District regarding the unpaid balance of the Certificates shall terminate as of the Termination Date, at which time, the District shall have no further obligation to the Holder of any unpaid Certificates.**

## IV. CERTIFICATE ISSUANCE

This Plan requires, and the Bankruptcy Court will be requested as part of the Confirming Order to require, the Holders of Pre-Petition Construction Fund Warrants to deliver to the Paying Agent any Pre-Petition Construction Fund Warrants held by any creditors for exchange into Certificates prior to the Exchange Deadline. No payment shall be made to the Holder of any Pre-Petition Construction Fund Warrant unless said Holder has delivered to the Paying Agent the physical Warrant issued by the District or, in the event that the Warrant is lost or destroyed, an Affidavit of Lost or Destroyed Security and Indemnification thereon. The District shall, through itself or through the Paying Agent, notify the Holders of all Pre-Petition Construction Fund Warrants of the address to which the original Warrants are to be submitted to the Paying Agent. If a Warrant is currently being held by Ameritas Investment Corp., it will be presented as needed

upon approval of this Plan. Such Notice shall set forth the Exchange Deadline by which the Pre-Petition Construction Fund Warrants must be received for exchange for Certificates.

In exchange for each Pre-Petition Construction Fund Warrant, the Paying Agent shall deliver to the creditor having provided the Warrant to the Paying Agent, or to such creditor's assignee, a Certificate dated as of the Interest Accrual Date in the face amount of the Warrant delivered by the Creditor, plus any accrued and unpaid interest thereon. Each Certificate shall include the Termination Date.

All Certificates shall be issued not later than sixty (60) days following the Effective Date, and shall be delivered to the Certificate Holder, or Certificate Holder's agent, within thirty (30) days of issuance. For the purpose of determining interest accrual of the Certificates, interest on all Certificates shall be deemed to accrue from the Interest Accrual Date and shall continue to accrue on the unpaid balance of principal annual interest rate of four percent (4%). Interest accruals on all Pre-Petition Construction Fund Warrants will cease on the day prior to the Interest Accrual Date.

The Certificates issued pursuant to this Plan are (i) subject to the payment terms set forth in the Plan, (ii) are not guaranteed to pay full interest or return principal face value, and (iii) are not subject to guarantee under Neb. Rev. Stat. §31-755. The Certificates shall accrue interest on the unpaid balance of principal and interest from time to time at an annual simple rate of four percent (4%), from and after the Interest Accrual Date until the Termination date, subject to the terms of this Plan.

In order to ensure that a Pre-Petition Construction Fund Warrant Holder cannot continue to hold Pre-Petition Construction Fund Warrants with a view towards redemption, any and all

outstanding warrants not delivered to the Paying Agent prior to the Exchange Deadline shall be deemed cancelled and of no further force and effect.

## V.  ALLOCATION OF DISTRICT FUNDS

The District shall, not later than the date sixty (60) days following the Effective Date, deliver and disburse all the cash and investments with accrued interest thereon on deposit in the Construction Fund as follows:

a)  Administrative and Priority Claims shall be paid in full from the Construction Fund.

b)  All unpaid and outstanding General Fund Warrants, if any, shall be paid in full from amounts transferred from the Construction Fund to the General Fund.

c)  An amount of One Hundred Thousand and no/100 Dollars ($100,000.00) initially to establish a General Fund Reserve Fund, as defined below.

d)  An amount necessary to fund the Bond Sinking Fund under Article VII, Section E, shall be set aside in the Construction Fund Pre and Post-Petition Bonds.

e)  The remaining funds not allocated above (estimated to be $3,600,000.00), shall be disbursed to the Paying Agent and used to make a payment to the Certificate Holders on the date that is ninety (90) days following the Effective Date in accordance with their respective Pro Rata Share with such payments applied first to accrued interest on the Certificates and the balance to principal.

## VI.  POST-PETITION BOND ISSUANCE

1.     As soon as possible, but not later than six (6) months after the Effective Date, based upon then present or projected market conditions and feasibilities, the District will propose to issue Five Million and no/100 Dollars ($5,000,000.00) in new Post-Petition Bonds.  The net

proceeds (after deducting costs of sale, issuance and reserves) of the Post-Petition Bond issue will be paid to the Certificate Holders.

2.      The District shall have an obligation throughout the term of this Plan to periodically issue Post-Petition Bonds in a manner which would be feasible to the District when it has the capacity to issue Post-Petition Bonds and advantageous to Certificate Holders. Considerations to be made by the District as part of such issuance process shall include, but need not be limited to, interest rates, prevailing tax rates, total valuation of property subject to the District's taxing authority and general market conditions.

3.      "Plan Year" as used in this Article VI shall mean each one year period during the term of this Plan which ends on the Termination Date beginning with the Confirmation Date.

4.      The Post-Petition Bonds shall be payable from the Construction Fund, and expenses associated therewith, including establishing a reasonable sinking fund, shall be allowed expenses of the District.

5.      The District shall be specifically obligated to issue Post-Petition Bonds in the six (6) months prior to the Termination Date, and such Post-Petition Bonds so issued shall be the maximum amount supported by a minimum Construction Fund Tax Levy of Sixty-Five Cents ($0.65) and shall be issued for a term of not less than twenty (20) years, unless the Certificates can be fully paid out of the amounts held in the Construction Fund over and above the Bond Sinking Fund established in Article VII, Section E or proceeds of real estate taxes without such Bond issuance in which case such Certificates shall be fully paid from either or both such sources to the extent that the Bond Sinking Fund established in Article VII, Section E can be retained.  The bond levy portion of the Tax Levy shall never be less than Sixty-Five Cents ($0.65) per One Hundred and no/100 Dollars of valuation.

6.      The Post-Petition Bonds shall be pari passu with the Pre-Petition Bonds and shall be superior in priority to the claims of General Fund Warrant Holders, Post-Petition Construction Fund Warrants and Certificate Holders.  Post-Petition Bonds shall be granted the priority set forth under Neb. Rev. Stat. §31-755 and, as such, shall be general obligations of the District and there shall be levied annually a tax, upon the taxable value of all the taxable property in the District which, together with any sinking fund derived from special assessments, shall be sufficient to meet payments of interest and principal on the Pre-Petition Bonds and the Post-Petition Bonds as such become due.

## VII.  OPERATION OF THE DISTRICT

From the date upon which the Confirmation Order is entered and until the Termination Date, the operation of the District shall be governed by the terms of this Plan.  This Plan may not be amended except by Court order.

A.      **District Funds and Income.**

1.      <u>District Tax Rate</u>.  The tax levy for real estate located within the jurisdiction of the District is and shall never be less than Ninety Cents ($0.90) per One Hundred and no/100 Dollars ($100.00) of assessed valuation and such levy shall never be less than a levy necessary to provide an amount for the Construction/Bond Fund levy as shall be sufficient to meet the payments of interest and principal of all Pre-Petition Bonds and Post-Petition Bonds as such become due (the "Tax Levy").  Prior to the Termination Date, the total District Tax Levy shall not be decreased without the order of the Court after hearing noticed to the Certificate Holders in which the Certificate Holders may participate and be heard.  The proceeds from the Tax Levy shall be distributed among the

General Fund and the Construction Fund in the same proportion as the tax levy allocation (e.g. 25 cents to the General Fund and 65 cents to the Construction Fund).

    2.    <u>Tax Levy Modification.</u>  The distribution of the Tax Levy between the General Fund and the Construction Fund may be altered or amended prior to the Termination Date. The General Fund portion of the Tax Levy shall not be increased above the allocation as of the Effective Date, except that the General Fund allocation may be increased if necessary to fully fund the budget of the District as set forth in Subsection C, below.  The Tax Levy may not be decreased prior to the Termination Date without court order after hearing involving the Certificate Holders.  After the Termination Date, the Tax Levy may be adjusted and altered provided always that the Tax Levy assigned to the Construction Fund shall be sufficient to meet all necessary payments of interest and principal on the Bonds issued by the District.

B.    **Reserve Fund.**  The District shall establish a fund of Two Hundred Fifty Thousand and no/100 Dollars ($250,000.00) for the General Fund as in the allocation of its assets contemplated herein (the "Reserve Fund").  This Reserve Fund shall initially be funded with One Hundred Thousand and no/100 Dollars ($100,000.00) as set forth in Article V c). The Reserve Fund shall be used solely in the event of an emergency or major improvement and repair, defined for the purposes of this Plan as an event or circumstance requiring immediate corrective action, an event which occurs where further significant damage or expense is likely to occur unless corrective action is taken within a reasonable period of time, or which involves an expense of an amount greater than twenty-five percent (25%) of the total budget authorized.  The Reserve Fund may be replenished by the District, in an amount not to exceed an allocation of Twenty Thousand and no/100 Dollars ($20,000.00) per year, from the General Fund of the

District in excess of the District's operating budget.  In no event shall the Reserve Fund be permitted to accumulate more than Two Hundred Fifty Thousand and no/100 Dollars ($250,000.00).  Upon proper public notice of meeting, The District shall have the authority, upon affirmative vote of its Board of Trustees, to use some or all of the Reserve Fund to cover present expenses of the District.  In the event that the available Reserve Fund is not sufficient to cover the costs of an emergency or major improvement or repair, the District may petition this Court for permission to spend other funds of the District, and the Court, after hearing noticed to the Certificate Holders in which the Certificate Holders may participate and be heard, shall determine whether such expenditure is reasonable and in the best interest of the parties.  Any amounts held in the Reserve Fund in excess of Fifty Thousand and no/100 Dollars ($50,000.00) as of the Termination Date shall be distributed to the Certificate Holders, up to the amount necessary to pay the remaining balance owed to the Certificate Holders.

C.     **Post-Petition Construction Fund Warrants.**  The District may undertake capital projects deemed necessary by the District and provide for the payment of such projects by the issuance of Post-Petition Construction Fund Warrants if, and only if the Tax Levy of the District is increased by an amount necessary to deposit sufficient funds into the Construction Fund to pay, in full, all such Post-Petition Construction Fund Warrants (including all Post-Petition Bonds issued to pay the Post-Petition Construction Fund Warrants) within five (5) years of the issuance of such Post-Petition Construction Fund Warrants.

D.     **District Operating Budget.**  The budget of the District in the year following the Confirmation Order shall be Four Hundred Fifty Thousand and no/100 Dollars ($450,000.00). For each year thereafter, the budget shall increase at a rate equal to the greater of three percent (3%) or the federally published percentage increase, year over year, in the Consumer Price Index

annually.  The District shall be required to pay its ordinary operating expenses and maintenance expenses within the terms of the budget, and may not exceed the budget without an order of the Court except where authorized by this Plan.  The Board may spend less than the maximum budget allowed, in its discretion.

E.      **Bond Sinking Funds.**  The District shall maintain sinking funds related to the Bonds issued by the District.  The sinking funds shall be kept in an amount determined by the District to be necessary to meet ongoing payment obligations of the Bonds, and shall not exceed one hundred percent (100%) of annual principal and interest debt service for such Bonds.

F.      **Payment of Unimpaired Debts.**  The District shall, within ninety (90) days following the entry of the Confirmation Order, bring current any arrearages allowed to accrue before or during the pendency of this bankruptcy on any General Fund Warrants and any other payment obligation related to securities issued by the District except payments upon Construction Fund Warrants issued prior to the commencement of this bankruptcy proceeding. Payments on General Fund Warrants, General Fund Bonds, Certificates and securities issued by the District before, during and after the pendency of this bankruptcy shall be kept current and the District shall not allow such securities to go into default under their terms, except as permitted by this Plan.

G.      **Payment to Paying Agent for the benefit of Certificate Holders.**  Following the payment and reservation of other amounts contemplated by this Plan, the Construction Fund, including the income attributed thereto and funds held therein, shall be held for the benefit of the Pre-Petition Bond Holders, Post-Petition Bond Holders, Post-Petition Construction Fund Warrant Holders and Certificate Holders. The income of the District from the Tax Levy, sewer connection fees, special assessments, and all other income, less amounts to be paid or held by

this Plan, including payment on General Fund Warrants and Bonds, the budget, Reserve Fund, and bond sinking fund set asides, shall annually be computed as the amount available for distribution to the Certificate Holders.

On or before the last day of December of each year, the District and Paying Agent shall meet to calculate the funds, if any, to be delivered to the Paying Agent for such year. In any year during which there are no funds available for distribution to the Certificate Holders, or amounts available for distribution, including amounts accrued from previous years, do not total at least Two Hundred Fifty Thousand and no/100 Dollars ($250,000.00), the District shall not be required to make a distribution to Paying Agent for the benefit of the Certificate Holders. In any year that there is greater than Two Hundred Fifty Thousand and no/100 Dollars ($250,000.00) available for distribution to the Certificate Holders, the District shall distribute to the Paying Agent amounts available, unless the District reasonably determines that such amount shall be retained by the District for the purpose of establishing a sinking fund for Post-Petition Bonds. The Paying Agent shall, within thirty (30) days of receipt of such funds, pay to the Certificate Holders their respective Pro Rata Share of such amounts. It is intended, to the greatest degree possible under the terms of this Plan, the Certificates shall be issued, paid and redeemed in a manner consistent with and allowing for tax exempt status under applicable Internal Revenue Service regulations. Payments will be first applied to principal and the balance, if any, to interest amounts on such Certificates.

The District may make a distribution to Certificate Holders, regardless of date or amount to be distributed, which it believes is in the best interest of the Certificate Holders.

The Paying Agent shall be paid the sum of Two Thousand and no/100 Dollars ($2,000.00) as an Administrative Expense for services in implementing the initial requirements

of this Plan. The Paying Agent shall be paid the sum of One Thousand Dollars and no/100 ($1,000.00) in any year in which Certificates are issued or in which distributions are made to Certificate Holders. No such payment shall be paid to the Paying Agent for providing services related to the Certificates in any year in which no Certificates are issued and no distributions are made to Certificate Holders. The Paying Agent may collect reasonable fees for administering or recording transfers of Certificates by, to, or among holders thereof. Nothing in this paragraph shall be deemed to prohibit the District from compensating the Paying Agent, or any other party, for services provided in the servicing of securities issued by the District other than Certificates.

Distributions shall be made to the Certificate Holders pursuant to this Plan until all amounts of principal and interest due under the Certificates are paid in full, or until the Termination Date, whichever occurs first. In the fiscal year during which the Termination Date occurs, any funds which would be available for distribution to the Certificate Holders shall be so distributed, without regard to the Two Hundred Fifty Thousand and no/100 Dollars ($250,000.00) minimum distribution amount set forth above, subject to the provisions of the Plan.

In no event shall distributions be made in excess of amounts necessary to pay principal and interest outstanding on the Certificates. If, during the year in which the Termination Date occurs, the Certificates have not been paid in full, and there are funds held in the Construction Fund over and above the Bond Sinking Fund established in Article VII, Section E or the Reserve Fund of the District, or both, the District shall distribute all such funds held in both such fund(s), calculated as of the Termination Date, to the Certificate Holders.

Provided the Certificate Holders have been paid the principal and interest payments to which they are entitled under this Plan, the unpaid balance of such Certificates shall not be

honored following the Termination Date, and shall not continue to be an obligation of the District past such date, whether or not the balance of the Certificates was paid in full. No Creditor of the District or Pre-Petition Construction Fund Warrant Holder shall have any right to receive payment on the Pre-Petition Construction Fund Warrants except as set forth in this Plan.

**H.** **Special Assessment Foreclosure and Collection; Park Fee Reimbursement.** The District shall specifically be obligated to pursue collection on all park fee reimbursements and delinquent special assessments payable to the District. This may include, by direct legal action or by request made to Douglas County, foreclose upon any special assessment which has been delinquent, in whole or in part, for more than three (3) years.

## VIII. IMPLEMENTATION OF THE PLAN

The implementation and consummation of this Plan shall occur as follows:

**A.** **Voting Procedures and Effective Date.** Copies of this Plan and the accompanying Disclosure Statement shall be sent by the District to all Pre-Petition Construction Fund Warrant Holders, along with a ballot included for the purpose of voting in favor of or against the Plan. Only by completing, signing and returning the ballot may a creditor vote for or against this Plan.

In order for this Plan to become effective, the following conditions must be met:

(a) The Plan must have been accepted by the Holders of at least two-thirds (66.7%) in amount and more than one-half (50%) in number of the Pre-Petition Construction Fund Warrant Holders.

(b) The Court shall have confirmed the Plan as required by the terms of this Plan and by Section 1129 and Section 943 of the Bankruptcy Code.

B.      **Other Documents.**  All parties, by agreeing to the terms of this Plan, agree to execute and deliver, as appropriate, all documents reasonably required to implement and effectuate the terms of this Plan.

## IX.  RETENTION OF JURISDICTION, ENFORCEMENT, SETTLEMENT OR ADJUSTMENT TO CLAIMS

The Court shall retain exclusive jurisdiction of all matters arising under, or related to, this case, until this case is closed, specifically limited, however to the following:

A.      To classify, allow or disallow Claims, direct distributions under the Plan and adjudicate all controversies concerning classifications, objections to or allowances of any Claim.

B.      To enforce post confirmation performance of the Plan against any person with regard to the District's Chapter 9 estate, but not otherwise.

C.      To herein determine all Claims arising from the rejection of executory contracts and leases, if any, which are included in the District's Chapter 9 estate and to consummate rejection and termination thereof in connection with the Debtor's Chapter 9 estate, but not otherwise.

D.      To liquidate damages or estimate Claims in connection with any disputed, contingent, or unliquidated claims.

E.      To adjudicate the validity of or the authority of the District to make or undertake any purchase, sale or contract made or undertaken by the District during the pendency of the District's Chapter 9 case.

F.      To recover all assets and property belonging to the District's Chapter 9 estate wherever located.

G.     To hear and determine all actions and proceedings which relate to pre-confirmation matters brought by the Debtor arising in or relating to this case or arising under the Bankruptcy Code, whether such action or proceeding is brought before or after the Filing Date.

H.     To hear and determine all controversies, suits, and disputes that may arise as to pre-confirmation matters and the interpretation of or enforcement of the Plan or the provisions of the Disclosure Statement.

I.     To hear and determine all requests for compensation and/or reimbursement of expenses by professionals retained by the District which may be made after the Confirmation Date.

J.     To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary or desirable for the successful implementation of the Plan as provided in Section 945 of the Code.

## X.  MODIFICATIONS TO PLAN

This Plan may be modified, amended or corrected under Section 942 of the Code upon application of the District at any time prior to the entry of the Confirmation Order without notice and hearing and without additional disclosure pursuant to Section 1125 of the Bankruptcy Code, provided, however, that the Court find that such modification or correction does not materially and adversely affect any Creditor or the Claim of any creditor.  The Plan may be modified after confirmation upon order of the Court after such notice and opportunity for hearing as may be appropriate.

## XI.  BINDING EFFECT AND DISCHARGE

Confirmation of this Plan shall bind all persons and entities as provided by Section 305 of the Code and the obligations of the Debtor shall be only those as described and included in this

Plan.  All other obligations of the District, including but not limited to those of Pre-Petition Construction Fund Warrant and Subordinate Warrant Holders, shall be discharged.

Confirmation of the Plan will not discharge any claims which any creditor or interest Holder of the District may have against any third party.

The Court, in the Confirmation Order, and at its discretion, will, by its specific language, forever prohibit persons from taking any action in any way which may be inconsistent with this Plan or in violation of the terms or legal effect of the Confirmation Order.

Dated this 8th day of December, 2016.

**SANITARY AND IMPROVEMENT DISTRICT #476 OF DOUGLAS COUNTY NEBRASKA**, Debtor

By:  /s/ Mark J. LaPuzza_____
     Mark J. LaPuzza, #22677
     Pansing Hogan Ernst & Bachman LLP
     10250 Regency Circle, Suite 300
     Omaha, Nebraska 68114
     Telephone:  (402) 397-5500
     Fax: (402) 397-4853
     Email: mjlbr@pheblaw.com
     Attorney for Debtor